IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| **TARYN CAPEL** | * | |
| 409 N. Loudon Ave. | * | |
| Baltimore, MD 21229 | * | |
| **Plaintiff** | * | |
| | * | |
| v. | * | **Case #:** |
| | * | |
| **BEST BUY WAREHOUSING** | * | |
| **LOGISTICS, INC.** | * | |
| 7601 Penn Avenue South | * | |
| Richfield, MN 55423 | * | |
| | * | |
| **Serve on resident agent** | * | **JURY TRIAL REQUESTED** |
| The Corporation Trust Inc. | * | |
| 351 W. Camden St. | * | |
| Baltimore, Maryland 21201 | * | |
| **Defendant** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiff Taryn Capel respectfully submits this Complaint alleging that the Defendant violated the Family Medical Leave Act ("FMLA") by failing to advise Plaintiff of her rights under the FMLA and for terminating her due to her son's serious medical condition.

### STATEMENT OF FACTS

PLAINTIFF

1. Plaintiff is an adult citizen of the State of Maryland and resides in Baltimore.

2. Plaintiff worked for the Defendant from approximately February 2000 until approximately June 2010.

3. Plaintiff was a full-time employee of the Defendant and worked at least 1250 hours in the twelve months prior to her family medical leave.

4. Plaintiff was an "employee" of the Defendant within the meaning of the FMLA, 29 U.S.C. § 2611(2)(A).

5. During her employment, Plaintiff worked for the Defendant as a receiving clerk.

DEFENDANT

6. Defendant Best Buy Warehousing Logistics, Inc. ("Best Buy") is a Minnesota corporation that does business in Maryland.

7. Defendant has over 50 employees and is subject to the FMLA.

8. Defendant is an "employer" within the meaning of the term of the FMLA, 29 U.S.C. § 2611(4)(A).

FACTS RELATING TO FMLA VIOLATIONS

9. Since 2008, Plaintiff's son has suffered from a serious health condition.

10. When Plaintiff's son suffers from this serious medical condition, Plaintiff must take care of him and cannot go to work.

11. In May of 2010, due to Plaintiff's son's serious health condition, Defendant approved Plaintiff to take intermittent leave under the FMLA for the period April 27, 2010 until April 27, 2011. *See* "Best Buy Designation Notice (Family and Medical Leave Act)", attached as Exhibit 1.

12. On approximately the night of June 7, 2010 and into the morning of June 8, 2010, Plaintiff's son was suffering from his serious medical condition and Plaintiff knew she would have to miss work on June 8 to take care of her son that day.

13. The serious medical condition that Plaintiff's son suffered from on June 8, 2010 was the same serious medical condition for which Plaintiff was granted intermittent leave under the FMLA.

14. Pursuant to the employer's "call out" policy, Plaintiff called Best Buy at 3:27 a.m. on June 8, 2010 to let her employer know that she could not make it to work that day due to her son's serious medical condition. *See* Plaintiff's Phone Record, attached as Exhibit 2.

15. Nobody answered the phone number that Best Buy provided Plaintiff so Plaintiff left a message stating that she could not come into work on June 8, 2010 because of her son's serious medical condition.

16. When Plaintiff returned to work on June 9, Plaintiff's manager, Chris Maas, told her that she was a "no call/no show" and suspended her.

17. Plaintiff showed Mr. Mass her dialed cell phone calls which confirmed that she called Best Buy on June 8 at 3:27 a.m. and the call lasted 32 seconds. Plaintiff also explained that she left a message but Defendant still suspended her.

18. On June 18, 2010, Defendant terminated Plaintiff for taking FMLA-protected leave to take care of her son, even though she followed Defendant's "call out" procedures.

19. The Defendants' actions in terminating Plaintiff were willful and intentional, and done with malice and evil intent.

JURISDICTION AND VENUE

20. The jurisdiction of this Court is invoked due to the asserted violation of a federal statute and pursuant to 29 U.S.C. § 2615.

21. Venue is appropriate in this jurisdiction because the unlawful events occurred in this district.

### LEGAL CLAIMS

### COUNT I - FMLA VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT ("FMLA"), INTERFERENCE &TERMINATION VIOLATIONS

22. All of the allegations of the Complaint are fully incorporated into Count I.

23. The Defendant violated the FMLA by terminating the Plaintiff's employment after she took FMLA approved leave to take care of her son.

24. The FMLA makes it unlawful for an employer to, "interfere with, restrain, or deny the existence of or the attempt to exercise, any right provided under [the FMLA]." 29 U.S.C. § 2615(a)(1).

25. The Defendant's actions were not taken in good faith, or with a reasonable belief that their actions did not violate the FMLA. The actions were taken with malice and in complete indifference to Plaintiff's rights under the FMLA.

26. <u>Relief Requested:</u> Plaintiff requests that: (a) Defendant be ordered to pay Plaintiff for lost wages and benefits; (b) liquidated damages; (c) attorney's fees; (d) pre-and post-judgment interest; and (e) costs and other relief that is deemed just and fair.

## COUNT II - VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT ("FMLA"), RETALIATION

27. All of the allegations of this Complaint are expressly incorporated into Count II.

28. The Family & Medical Leave Act makes it unlawful for an employer to retaliate against an employee who seeks to exercise rights under the Act. 29 U.S.C. § 2615.

29. The Defendant violated the anti-retaliation provisions of the Family & Medical Leave Act by terminating Plaintiff after she took FMLA-approved leave to take care of her son.

30. The Defendant's actions were not taken in good faith or with a reasonable belief that its actions did not violate the FMLA. The actions taken were willful and with malice and in complete indifference to Plaintiff's rights under the FMLA.

31. <u>Relief Requested:</u> Plaintiff requests that: (a) Defendant be ordered to pay Plaintiff for lost wages and benefits; (b) liquidated damages; (c) attorney's fees; (d) pre-and post-judgment interest; and (e) costs and other relief that is deemed just and fair.

        Respectfully submitted,

        /s/
        _____

        Richard P. Neuworth, #01052
        Michael Melick, #29176
        606 Baltimore Avenue – Suite 201
        Baltimore, Maryland 21204
        tel. 410.296.3030
        fax. 410.296.8660
        *Attorneys for Taryn Capel*

## REQUEST FOR JURY TRIAL

Plaintiff Taryn Capel requests that a jury decide her case.

        _____/s/_____
        Richard P. Neuworth #01052
        Michael Melick, #29176
        606 Baltimore Avenue – Suite 201
        Baltimore, Maryland 21204
        tel. 410.296.3030
        fax. 410.296.8660
        *Attorneys for Taryn Capel*